IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DARREN L. CEPHAS,** | : | |
|     **Plaintiff,** | : | |
| | : | |
|     v. | : | **CIVIL ACTION NO. 25-CV-1170** |
| | : | |
| **DELAWARE COUNTY,** *et al.*, | : | |
|     **Defendants.** | : | |

**<u>MEMORANDUM</u>**

**HENRY, J.**                                                                                                                **OCTOBER 30, 2025**

*Pro se* Plaintiff, Darren L. Cephas, a pretrial detainee, brings claims pursuant to 42 U.S.C. § 1983 against prison officials at the George W. Hill Correctional Facility in Delaware County. Cephas alleges constitutional violations in connection with the cold conditions in the cells at the prison. Cephas was previously granted leave to proceed *in forma pauperis*. Upon screening under 28 U.S.C. § 1915(e)(2), the Court dismissed his original Complaint asserted against the prison and its security, maintenance, and administration departments, and permitted him to file an amended complaint. (*See* ECF No. 8.) Cephas returned with the pending Amended Complaint. For the following reasons, the Court will dismiss Cephas's Amended Complaint. Cephas may file a second amended complaint if he believes he can cure the defects the Court notes in his claims.

**I.        FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**[1]

In his initial Complaint, Cephas named only the George W. Hill Correctional Facility and its security, maintenance, and administration departments and asserted Fourteenth Amendment

---

[1] The facts are taken from Cephas's Amended Complaint, which consists of two handwritten pages. (ECF No. 13.) Court adopts the pagination supplied by the CM/ECF docketing system.

due process claims based on the conditions of his confinement.  (*See* ECF No. 2.)  The Court dismissed the Complaint, concluding that because neither a jail nor its departments are "persons" under § 1983, Cephas failed to name a proper Defendant.  (*See* ECF No. 8.)

Cephas returned with an Amended Complaint, naming the following Defendants: Delaware County, the George W. Hill Correctional Facility, L.T. Jones, and John Doe 1.  (Am. Compl. at 2.)  Cephas alleges that the temperature in his cell was "extremely cold" and that when he complained to L.T. Jones about it, Jones told Cephas to "rub [his] hands together" but did nothing else to remedy the issue.  (*Id*.)  Cephas also alleges that he was not "supplied with proper clothes or bedding" for the extreme temperatures.  (*Id*.)  The prison gave Cephas "suicide blankets" that did not fold, even though Cephas was not housed on a suicide unit.  (*Id*.)  Cephas stated that the cold persisted during each winter he spent at the prison.  (*Id*.)  The cold caused Cephas to suffer "great levels of stress, pain, and no sleep."  (*Id*.)  Based on these allegations, Cephas asserts Fourteenth Amendment claims and requests three million dollars.  (*Id*. at 4.)

## II.     STANDARD OF REVIEW

As Cephas is proceeding *pro se*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Amended Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  At the screening stage, the Court will accept the facts alleged in the *pro se* Amended Complaint as true, draw all reasonable inferences in Cephas's favor, and "ask only whether that complaint, liberally construed, contains

facts sufficient to state a plausible claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (cleaned up), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Cephas is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III.  DISCUSSION

The Court understands Cephas to again assert Fourteenth Amendment due process claims based on allegations that his cell was cold and that he was not provided proper clothing and blankets.[2] Cephas asserts constitutional claims pursuant to § 1983, the statute enabling a plaintiff to raise claims for violations of the federal constitution. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

Cephas fails to assert a plausible Fourteenth Amendment claim against any Defendant.[3]

---

[2] Because Cephas was a pretrial detainee when the underlying incidents occurred, the Fourteenth Amendment and not the Eighth Amendment governs his claims. *See Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005).

[3] To the extent that Cephas reasserts claims against the George W. Hill Correctional Facility, the claims are dismissed, as this Defendant has already been dismissed with prejudice from the case. In addition, although Cephas names "John Doe 1" in the caption, there are no allegations against John Doe 1 in the body of the Amended Complaint. Thus, to the extent that Cephas intended to assert a claim against John Doe 1, that claim is also dismissed. *See Rode*,

Prison officials have a constitutional duty to provide humane conditions of confinement, including taking reasonable measures to guarantee the health and safety of the inmates.  *See Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994).  To establish a basis for a Fourteenth Amendment violation, a pretrial detainee must allege that his conditions of confinement amount to punishment.  *Bell v. Wolfish*, 441 U.S. 520, 538 (1979); *Camps v. Giorla*, 843 F. App'x 450, 452 (3d Cir. 2021) (*per curiam*).  "Unconstitutional punishment typically includes both objective and subjective components."  *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007).  "[T]he objective component requires an inquiry into whether the deprivation was sufficiently serious, and the subjective component asks whether the officials acted with a sufficiently culpable state of mind."  *Id*. (internal quotations and alterations omitted).  To satisfy the subjective component of the analysis, a prisoner generally must assert that prison officials acted with deliberate indifference, meaning that they consciously disregarded a serious risk to the detainee's health or safety.  *See Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991); *see Edwards v. Northampton Cnty.*, 663 F. App'x 132, 135 (3d Cir. 2016) (*per curiam*).  Only conditions of confinement that "cause inmates to endure such genuine privations and hardship over an extended period of time" violate the Fourteenth Amendment.  *Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (internal quotations omitted).

       Cephas's claims are undeveloped as pled.  He alleges merely that his cell was "extremely cold," and that Defendant Jones did nothing to remedy the issue, including providing him proper

---

845 F.2d at 1207.  Finally, although Cephas appears to name Delaware County in the caption of the Amended Complaint, there are no facts asserted against this Defendant.  Nor do the allegations support any plausible claim against Delaware County.  *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 n.55 (1978) (stating that to plead a basis for municipal liability under § 1983, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights).

clothing and blankets.  Cephas has not provided sufficient factual details about these instances of enduring a cold cell, including the specific times he experienced the cold temperatures, how long they lasted, how he notified Jones or other officials, and what if anything was done or not done in response to each complaint.  Moreover, even if the conditions of his cell were objectively harsh, Cephas has not alleged any facts to support a plausible inference that Jones or any other prison official was aware of any serious risk the cold temperatures posed to Cephas's health and nevertheless disregarded that risk.  Without additional details, the Fourteenth Amendment claims are implausible.

### IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Cephas's Amended Complaint.  Cephas will be permitted to file a second amended complaint in the event he can plead additional facts to cure the defects the Court noted as to his claims.  An appropriate Order follows, which offers additional guidance on amending to the extent Cephas wishes to do so.